**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Lowe, | No. CV-18-01140-PHX-DJH (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Quash Plaintiff's Notice for Written Deposition (Doc. 76) and Plaintiff's responses filed as "Plaintiff's Reply's to the Defendants' Motion to Quash Plaintiff's Notice for Written Deposition (Docs.79, 87). No reply has been filed, and the time to do so has passed.

Defendants request that the Court quash Plaintiff's Notice for Written Deposition upon Defendants ("Plaintiff's Notice") as untimely. Defendants correctly note that discovery in this case closed on January 2, 2019 (Doc. 14 at 2). Plaintiff's Notice therefore may be denied as untimely as it was filed after the January 2, 2019 discovery deadline. (Doc. 14 at 2). *See U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985) (holding that a district court properly denied a motion as untimely where it was filed after the applicable scheduling order deadline and the movant "never requested a modification" of the scheduling order), *superseded by statute on other grounds as recognized in Simpson v. Lear Astronics Corp.*, 77 F.3d 1170 (9th Cir. 1996). Plaintiff

argues that extraordinary circumstances exist supporting his late discovery requests. Plaintiff posits that his incarceration and limited access to the internet are extraordinary circumstances supporting written deposition questions to Defendants.

The Court has broad discretion in supervising the pretrial phase of litigation. *See Zivhovic v. Southern California Edison Co.*, 302 F.3d 1080 (9th Cir. 2002). Under Rule 16(b) of the Federal Rules of Civil Procedure, a district court is required to establish a schedule that sets pretrial deadlines. A Rule 16 scheduling order may be "modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This is because "[a] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 610 (9th Cir. 1992) (citation and internal quotations marks omitted). "Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Id.* Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. *Id.* at 609. If the movant "was not diligent, the inquiry should end." *Id.* "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.*

If a pretrial schedule cannot be met despite the diligence of the party seeking an extension of time, the Court may modify its scheduling order. *See* MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 1522.1 at 231 (2d ed. 1990) (good cause means scheduling deadlines cannot be met despite party's diligence). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. Moreover, where a motion is made to extend a deadline after the deadline has expired, the movant must show excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B).

Although pro se litigants are given leniency in evaluating compliance with the technical Rules of Civil Procedure, the rules still apply to pro se litigants. *Draper v. Combs*, 792 F.2d 915, 924 (9th Cir. 1986) ("We recognize that the plaintiff represented himself and

therefore, in evaluating his compliance with the technical rules of civil procedure, we treat him with great leniency."); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.").

The Court finds that Plaintiff has not shown the diligence required for a finding of "good cause." Plaintiff's request for written depositions were made after the discovery deadlines have passed. Plaintiff has not shown excusable neglect justifying his delay and supporting a late modification. *See Pioneer Inv. Servs. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 392 (1993) (stating that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect"). In addition, because Plaintiff has failed to show good cause to extend the generous deadlines set forth in the Court's Scheduling Order or excusable neglect for extending those deadlines he already has missed, this ends the Court's inquiry into whether an extension should be granted. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000).

For the reasons set forth herein,

**IT IS ORDERED** granting Defendants' Motion to Quash Plaintiff's Notice for Written Deposition (Doc. 76).

Dated this 8th day of March, 2019.

Honorable Eileen S. Willett
United States Magistrate Judge